L. H. NOYES, *et al.*, Appellants, v. THE BOARD OF SUPERVISORS OF HARRISON COUNTY, *et al.*

**Accretions:** NON-NAVIGABLE WATERS: *Riparian rights.* Riparian owners of lands bordering on non-navigable lakes, which were meandered by the government surveyors in 1851 and 1852, and did not become wholly dry and fit for cultivation until 1890 and 1891, are not entitled to the bed of the lake, under the law of accretions.

SAME. The rule that a riparian owner of land bordering on rivers or streams, in the absence of limitations in his title, takes to the center thread of the stream, does not apply to the case of a lake or pond.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

SATURDAY, DECEMBER 18, 1897.

ACTION to enjoin the defendant county from selling certain lands in the beds of Round and Dry Lakes. Decree for defendants. Plaintiffs appeal.—*Affirmed.*

*S. H. Cochran* and *J. T. Davis* for appellants.

*L. R. Bolter & Sons* and *C. W. Kellogg* for appellees.

KINNE, C. J.—I. The plaintiffs claim by accretion, and also under conveyances, title to certain portions of the bed of Dry and Round Lakes (so called), in Harrison county, Iowa, by reason of being the owners of lands bordering on said lakes under conveyances without reservation. All parties claim through the swamp land grant of 1850. It is admitted that these lakes were

never navigable; and it appears without conflict that the defendant county has from time to time, for many years, surveyed portions of these lake beds, has platted the same in lots, and sold said lots to various parties. It is conceded that these lakes were meandered by the general government surveyors in 1851 and 1852, and that they never became wholly dry, and their entire beds fit for cultivation, until along about 1890 or 1891. The county having ordered the remaining unsurveyed portions of these lakes to be surveyed into lots, and caused the same to be appraised and offered for sale, plaintiffs applied for and obtained a temporary injunction restraining the sale of the lots. On final hearing, the injunction was dissolved, and from that decree the plaintiffs appeal.

II.   It is contended by appellees that the facts of this case bring it within the application of the rule announced in *Noyes v. Collins*, 92 Iowa, 566. The claim in that case was the same as in this,— that by reason of being riparian owners of lands bordering on these lakes and in the absence of limitations in the conveyance to them, they took title to the center thread of the lakes; and they also claimed title to the land lying in these lake beds under the law of accretion. In the *Noyes-Collins Case* the title to a portion of the bed of this same Dry Lake was in controversy; and it was held, under the facts, that the land lying in the lake bed was not an accretion to the lands of plaintiff in that case, and that the rule that a riparian owner of land bordering on rivers or streams, in the absence of limitations in his title, takes to the center thread of the streams, does not apply in this state to the case of a lake or pond. If, then, the facts of the two cases are substantially alike, the rule is controlling in the case at bar. While there is a conflict in the evidence in this case as to the effect of the artificial drainage upon the waters of Dry and Round Lakes, still we

think that the facts established by a preponderance of the evidence bring the case within the rue of the *Noyes-Collins Case.* The decree below is AFFIRMED.